IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RAK TRADEMARKS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | Case No. 3:16-cv-3106 |
| COMFORT SMILES, PLLC, a Texas | ) | |
| Professional Limited Liability Company, | ) | |
| d/b/a COMFORT SMILE DENTAL; | ) | |
| DEEPTI NAMINENI, an individual; and | ) | |
| DR. HEMA KISHORE CHAPALA, an | ) | |
| individual, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff RAK Trademarks, LLC ("Plaintiff" or "RAK"), for its complaint against Defendants Comfort Smiles, PLLC, dba Comfort Smile Dental, Dr. Deepti Namineni, and Dr. Hema Kishore Chapala (collectively "Defendants") alleges as follows:

### I.      Nature of Action

1.      This is an action to redress violations of the federal Lanham Act for infringement of federally registered trademarks (15 U.S.C. § 1114) and unfair competition (15 U.S.C. § 1125(a)) as the result of willful and unauthorized use by Defendants of RAK's trademarks, as more fully described below.   Plaintiff seeks preliminary and permanent injunctive relief restraining Defendants' infringement, monetary remedies, reasonable attorneys' fees and other relief.

### II.      Parties

2.      Plaintiff RAK is a Colorado limited liability company with a principal place of business of 2540 Kipling St., Lakewood, Colorado 80215.

3.      Defendant Comfort Smiles, PLLC, dba Comfort Smile Dental, is a professional limited liability company duly organized and existing under the laws of the State of Texas, with a place of business at 216 Dalton Drive, DeSoto, TX 75115.  Comfort Smiles, PLLC was created on April 10, 2013.

4.      Defendant Dr. Deepti Namineni is a Texas resident, a licensed dentist in Texas and, on information and belief, the principal of Comfort Smiles, PLLC.

5.      Defendant Dr. Hema Kishore Chapala is a Texas resident, a licensed dentist in Texas and, on information and belief, a member of Comfort Smiles, PLLC.

6.      Through their entity Comfort Smiles, PLLC, Dr. Namineni and Dr. Chapala practice dentistry in three locations in the Greater Dallas Metropolitan area.  On information and belief, Drs. Namineni and Chapala have personally directed and authorized the use of names and symbols which infringe Plaintiff's marks as described in paragraphs 18-24 of this Complaint.

### III.      Jurisdiction and Venue

7.      This Court has subject matter jurisdiction over Plaintiff's complaint under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 & 1338(a), as Plaintiff's claim arises under the Lanham Act, 15 U.S.C. § 1114 and 15 U.S.C. § 1125(a) .

8.      Defendants all reside and transact business in Texas within this judicial district. Further, Defendants' actions in using Plaintiff's registered trademarks have all been done in Texas and within this judicial district.  This Court therefore has both general and specific jurisdiction over each of the Defendants.

9.      Venue is proper in this district under 28 U.S.C. § 1391(b) as Defendants are all doing business in this judicial district and therefore may be found in this district.  In addition, venue is proper because all of the events giving rise to the claims alleged herein occurred in this judicial district, the infringement occurred in this judicial district, and the harm sustained by Plaintiff has been and is incurred in this judicial district.

## IV.    General Allegations

10.    Plaintiff is the owner of a family of trademarks containing or comprising the words "Comfort Dental" for various dental related services (the "COMFORT DENTAL Marks").  The COMFORT DENTAL Marks include:

| Mark | Reg No. | Services | Filing Date | Reg. Date |
|------|---------|----------|-------------|-----------|
| COMFORT DENTAL BRACES | 3,135,569 | Orthodontic services | 08/25/2005 | 08/29/2006 |
| COMFORT DENTAL and design | 3,421,650 | Dentistry | 04/16/2007 | 05/06/2008 |
| COMFORT DENTAL JUNIOR STARTING LINEUP | 3,504,110 | entertainment services, namely, conducting contests; Entertainment services, namely, conducting contests for children to attend professional sport games and to take the field at professional sport games | 10/29/2007 | 9/23/2008 |
| COMFORT DENTAL GOLD PLAN | 3,560,958 | Administration of preferred provider plans in the field of dentistry | 06/09/2008 | 01/13/2009 |

| Mark | Reg No. | Services | Filing Date | Reg. Date |
|------|---------|----------|-------------|-----------|
| COMFORT DENTAL | 3,560,959 | Franchise services, namely, offering business management assistance in the establishment and operation of dentistry offices; Administration of preferred provider plans in the field of dentistry; Dentist services; Dentistry; Orthodontic services. | 06/09/2008 | 01/13/2009 |
| COMFORT DENTAL and design | 3,560,957 | Franchise services, namely, offering business management assistance in the establishment and operation of dentistry offices; Dental hygienist services; dentist services, dentistry; orthodontic services. | 06/09/2008 | 10/13/2009 |
| COMFORT DENTAL CENTRE (common law use in the Greater Dallas Metropolitan Area since at least as early as 1993) | n/a | Dental services | n/a | n/a |

| Mark | Reg. No. | Services | Filing Date | Reg. Date |
|------|----------|----------|-------------|-----------|
| COMFORT DENTAL CARE (common law use in Plano, Texas since at least as early as 2000) | | Dental services | | |

11.     Comfort Dental is also the owner of the registered mark COMFORT SMILE CENTER for "Providing dental health care services." (U.S. Reg. No. 2,427,508) (the "COMFORT SMILE" Mark).  The COMFORT SMILE Mark application was filed on April 23, 1999 and it registered on February 6, 2001.

12.     The COMFORT DENTAL Marks and COMFORT SMILE Mark are all valid, subsisting and not cancelled and, as a result, constitute prima facie evidence of the validity of the marks as well as the exclusive right to use them in nationwide commerce on or in connection with the services specified in each registration.

13.     Registration No. 3,135,569 for COMFORT DENTAL BRACES, Registration No. 3,421,650 for COMFORT DENTAL and Design and Registration No. 2,427,508 for COMFORT SMILE CENTER are incontestable under Section 15 of the Lanham Act (15 U.S.C. § 1065) and as a result, constitute conclusive evidence of the validity of those marks, of the registration of those marks, of Plaintiff's ownership of those marks and of Plaintiff's exclusive nationwide right to use the marks on or in connection with the services for which they are registered (15 U.S.C. § 1115).

14.     Through its licensees and sublicensees, Plaintiff has used the COMFORT DENTAL Marks since at least as early as September 30, 1991 and the COMFORT SMILE Mark since at least as early January 1999.

15.     Licensees of the COMFORT DENTAL Marks and the COMFORT SMILE Mark currently offer dental services in over 100 locations in Arizona, Colorado, Indiana, Kansas, Kentucky, Montana, Missouri, Nebraska, New Mexico, Ohio, Oklahoma, Texas and Washington.

16.     Licensees of the COMFORT DENTAL marks currently offer dental services in thirteen locations in Texas, and eight locations in the Dallas metropolitan region.     The COMFORT DENTAL CENTRE mark has been used in commerce for dental services at multiple locations in the Greater Dallas Metropolitan area since at least as early as 1993.   And the COMFORT DENTAL CARE mark has been used in commerce for dental services in Plano, Texas since at least as early as 2000.

17.     As a result of the continuous and widespread use of the COMFORT DENTAL Marks and COMFORT SMILE Mark for twenty five years, Plaintiff owns extremely valuable goodwill in these marks for its various dental services and related services.

18.     Comfort Smiles, PLLC operates three dental offices in the Dallas Metropolitan Area under the name "Comfort Smile Dental."  These offices are located at 216 Dalton Drive, DeSoto, Texas 75115, 1071 W. Round Grove Rd., Suite #800, Lewisville, Texas 75067 and 4116 S Carrier Pkwy, Suite #320, Grand Prairie, Texas 75052.  Drs. Namineni and Chapala are the dentists providing dental services at the Comfort Smile Dental Office.

19.     On information and belief, defendants first adopted the name "Comfort Smile Dental" and used it in commerce for dental services no earlier than 2013, long after the dates of constructive use of the COMFORT DENTAL Marks registrations, as provided in 15 U.S.C. § 1057(c).

20.     Defendants have had constructive notice of Plaintiff's ownership of the COMFORT DENTAL Marks and the COMFORT SMILE Mark since long before defendants' date of first use of "Comfort Smile Dental," pursuant to 15 U.S.C. § 1072.

21.     Defendants are offering under the "Comfort Smile Dental" name and mark, services that are the same or substantially similar to services offered and registered by Plaintiff under its COMFORT DENTAL Marks and COMFORT SMILE Mark.

22.     In connection with Defendants' dental services, Defendants operate a website under the domain name comfortsmiledental.com, which advertises the Comfort Smile Dental business and its services.  The home page of this website depicts the following advertising:



23.     The web advertising depicted above in paragraph 22 not only uses the confusingly similar name Comfort Smile Dental, but also depicts a tooth shaped character holding a toothbrush, which bears a striking resemblance to Comfort Dental's "Toothy" mascot, as shown here:



Comfort Dental's Toothy mascot is a registered trademark owned by Plaintiff (U.S. Reg. No. 3,526,978) (the "TOOTHY Mark").

24.     Defendants promote and market their dental services using various social media accounts, including Facebook, Google+, and Twitter under the Twitter handle @comfortdental.

25.     In June 2016, Plaintiff notified Defendants by letter that Defendants' use of the Comfort Smile Dental name and mark and the Twitter handle @comfortdental.com infringes Plaintiff's rights in its COMFORT DENTAL Marks and the COMFORT SMILE Mark.  Plaintiff demanded that Defendants cease its infringing activities.

26.     Having received no response to Plaintiff's letter, Plaintiff sent a second letter repeating its demand in July 2016.  Plaintiff did not receive a response to the second letter.

27.     Despite having knowledge of Plaintiff's use of and rights in its COMFORT DENTAL Marks and COMFORT SMILE Mark, Defendants continue to use the Comfort Smile Dental name and mark for services in competition with Plaintiff.

28.     Defendants' use of the "Comfort Smile Dental" name and mark, the comfortsmiledental.com domain name, and the Twitter handle @comfortdental are without authorization of Plaintiff.

29.     Defendants' continued unauthorized use of the "Comfort Smile Dental" name, the term "comfortdental" and smiling tooth symbol is causing irreparable harm and will continue to cause irreparable harm to the goodwill of Plaintiff's COMFORT DENTAL Marks and COMFORT SMILE Mark, the ability of those marks to serve as source indicators for the services offered under them and Plaintiff's ability to control the use of these marks so that they may function as source identifiers.

30.     Defendants' unauthorized use of the "Comfort Smile Dental" name, the term "comfortdental" and smiling tooth symbol has unjustly increased the profits of Defendants' dental business to the detriment of Plaintiff and at no cost to Defendants.

**V.      FIRST COUNT: FEDERAL TRADEMARK INFINGEMENT (15 U.S.C. § 1114)**

31.      Plaintiff restates and realleges the allegations of paragraphs 1 through 30.

32.      Plaintiff is the owner of all right and title to the COMFORT DENTAL Marks and COMFORT SMILE Mark which are registered.  Plaintiff is also the owner of all right and title to the registered TOOTHY Mark.

33.      The actions of Defendants, as alleged above, constitute use in commerce of reproductions, counterfeits, copies or colorable imitations of Plaintiff's registered COMFORT DENTAL Marks and COMFORT SMILE Mark and TOOTHY Mark in connection with the sale, offering for sale, distribution or advertising of goods or services on or in connection with which such use is likely to cause consumer confusion, deception or mistake as to source, sponsorship or approval of Defendants' goods or services in violation of 15 U.S.C. § 1114.

34.      On information and belief, Defendants have gained profits by virtue of their infringement of Plaintiff's COMFORT DENTAL Marks, COMFORT SMILE Mark and TOOTHY Mark.

35.      Plaintiff has sustained damages as a direct and proximate result of Defendants' infringement of Plaintiff's COMFORT DENTAL Marks, COMFORT SMILE Mark and TOOTHY Mark..

36.      Defendants' infringement of Plaintiff's COMFORT DENTAL Marks, COMFORT SMILE Mark and TOOTHY Mark is causing substantial harm to Plaintiff.

37.      Defendants' infringement of Plaintiff's COMFORT DENTAL Marks, COMFORT SMILE Mark and TOOTHY Mark is causing irreparable harm for which Plaintiff has no adequate remedy at law.

**VI.      SECOND COUNT: FEDERAL UNFAIR COMPETITION (15 U.S.C. § 1125(a))**

38.      Plaintiff restates and realleges the allegations of paragraphs 1 through 37.

39.      Plaintiff is the owner of all right and title to the COMFORT DENTAL Marks, COMFORT SMILE Mark and TOOTHY Mark.

40.     Defendants' actions constitute the use in interstate commerce of a false designation of origin, false or misleading description of fact, or false or misleading representations of fact that are likely to cause confusion or mistake, or to deceive as to the affiliation, connection, or association of the goods and services with Plaintiffs, or as to the origin, sponsorship, or approval of the goods and services provided by Defendants' in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

41.     On information and belief, Defendants have gained profits by virtue of their false designation of origin.

42.     Plaintiff has sustained damages as a direct and proximate result of Defendants' false designation of origin.

43.     Defendants' infringement of Plaintiff's COMFORT DENTAL Marks, COMFORT SMILE Mark and TOOTHY Mark is causing substantial harm to Plaintiff.

44.     Defendants' infringement of Plaintiff's COMFORT DENTAL Marks, COMFORT SMILE Mark and TOOTHY Mark  is causing irreparable harm for which Plaintiff has no adequate remedy at law.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered as follows:

A.     That Defendants, their respective principals, partners, franchisees, agents, employees, licensees, affiliates, distributors, producers, attorneys and representatives and all of those in privity with or acting under the direction or control of any of them, be preliminarily and permanently enjoined and restrained from:

1.     Using any of the COMFORT DENTAL Marks or COMFORT SMILE Mark or the TOOTHY Mark or any term, mark or symbol confusingly similar to any of them (including without limitation "Comfort Smile Dental," "comfortsmiledental.com", "@comfortdental" and the image of the smiling tooth holding a toothbrush on its website) in connection with

the advertisement, promotion, distribution, offering for sale or selling of any dental services or any goods or services related to dental services; and

2.      Performing any acts or using any trademarks, names, words, images or phrases that are likely to cause confusion, to cause mistake, to deceive or otherwise mislead the trade or public into believing that Plaintiff or any authorized user of the COMFORT DENTAL Marks or COMFORT SMILE Mark or the TOOTHY Mark and Defendants are one and the same or are in some way connected or that Plaintiff is a sponsor of Defendants or that the services of Defendants originate with Plaintiff or any authorized user of the COMFORT DENTAL Marks or  COMFORT SMILE Mark or the TOOTHY Mark.

B.      That Defendant be required to file with the Court and serve on Plaintiff a statement under oath evidencing compliance with any preliminary or permanent injunctive relief ordered by the Court within fourteen (14) days after the entry of such order of injunctive relief.

C.      That Defendants, their respective principals, partners, franchisees, agents, employees, licensees, affiliates, distributors, producers, attorneys and representatives and all of those in privity with or acting under the direction or control of any of them be required to deliver up for destruction all advertising, promotional materials, point of sale materials, labels, packaging, and any other materials bearing the infringing marks together with all artwork, plates, molds, matrices and other means and materials for making and reproducing the same;

D.      That Defendants be ordered to disgorge all profits attributable to its infringement of the COMFORT DENTAL Marks, COMFORT SMILE Mark or TOOTHY Mark in an amount to be determined at trial, and that such amount be trebled;

E.      That Plaintiff be awarded all damages caused by Defendants' infringement in an amount to be determined at trial, and that such amounts be trebled;

F.      That Plaintiff recover its reasonable attorneys' fees as this case is exceptional under 15 U.S.C. § 1117; and

G.      That Plaintiff be granted such other and further relief as this Court shall deem, just, lawful or equitable.

DATED:  November  4, 2016                    Respectfully submitted,


                                             By:      */s/ Cole B. Ramey*
                                                      Cole B. Ramey
                                                      State Bar No. 16494980
                                                      Jennifer L. Graf
                                                      State Bar No. 24043699

                                             KILPATRICK TOWNSEND & STOCKTON LLP
                                             2001 Ross Avenue, Suite 4400
                                             Dallas, Texas 75201
                                             Telephone:  (214) 922-7100
                                             Telecopier:  (214) 292-9419
                                             Email: cramey@klilpatricktownsend.com
                                                        jgraf@kilpatricktownsend.com

                                             -AND-

                                             Marc C. Levy (*pro hac vice to be filed*)
                                             WA Bar No. 19203
                                             SEED IP Law Group PLLC
                                             701 Fifth Avenue, Ste. 5400
                                             Seattle, Washington 98104-7092
                                             Telephone:  (206) 622-4900
                                             Facsimile:  (206) 682-6031
                                             E-mail: MarcL@SeedIP.com

                                             **ATTORNEYS FOR PLAINTIFF
                                             RAK TRADEMARKS, LLC**